

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Dear Sir:

Opinion No. C-1890
Re: Does the commissioners' court
have authority to authorize the
expenditure of county funds to
cover the expense of returning
fugitives who have fled to ano-
ther state. That is, the ex-
pense incurred beyond the state
line of Texas?
If so, must the expense first
be authorized by the commission-
ers court?

Your request for an opinion on the questions
as are herein stated has been received by this depart-
ment.

The questions submitted in your inquiry and
the letter of Hon. D. Y. McDaniel, County Judge of
McLennan County reads as follows:

"Does the Commissioners' Court have
authority to authorize the expenditure of
county funds to cover the expense of re-
turning fugitives who have fled to another
state. That is, the expense incurred be-
yond the state line of Texas?

"If the preceding question is answered
in the affirmative, would the county be lia-
ble for such expense if incurred on the ini-
tiative of the District Attorney of the
Sheriff, or both, without the expense being
first authorized by the Commissioners' Court?

"If McLennan County liable for the ex-
pense of going after and returning a fugitive

Hon. Tom A. Craven, Page 2

charged with the commission of offense within this County but who has fled to another State?

"If the above question is answered in the affirmative, would the County be liable even though the fugitive had not been indicted by the Grand Jury?

"Would the sheriff have any authority to go beyond the border of this State and return a prisoner without first obtaining requisition as provided in Article 1005 and 1006, Code of Criminal Procedure?"

Articles 1005 and 1006, Code of Criminal Procedure, read as follows:

"Art. 1005. When the Governor deems it proper to demand a person who has committed an offense in this State and has fled to another State or territory, he may commission any suitable person to take such requisition. The accused, if brought back to the State, shall be delivered up to the sheriff of the county in which it is alleged he has committed the offense.

"Art. 1006. The officer or person so commissioned shall receive as compensation the actual and necessary traveling expenses upon requisition of the Governor to be allowed by such Governor and to be paid out of the State Treasury upon a certificate of the Governor reciting the services rendered and the allowance therefor."

On July 6, 1939, this department held in an opinion written by Hon. Bruce W. Bryant, Assistant Attorney General, addressed to Hon. George H. Sheppard, Comptroller of Public Accounts that the sheriff must look alone to Article 1006 for his compensation, which is payable out of the Governor's Law Enforcement Fund. Said opinion is No. C-1016.

Hon. Tom A. Craven, Page 3

The U. S. Code, Title 18, Section 662, provides that:

"All costs or expenses incurred in the apprehending, securing and transmitting such fugitive to the State or territory making such demand, shall be paid by such State or territory."

In the case of Ex parte Goodman, 182 SW 1120, the court held that the laws of Texas are governed by the above mentioned Congressional act.

The above mentioned Federal statute provides that all costs or expenses incurred in the apprehending, securing and transmitting of the fugitive to the State or territory demanding, shall be paid by that state.

We quote from Texas Jurisprudence, Vol. 19, page 511 as follows:

"In case the Governor deems it proper to demand a person from another State, he may commission any suitable person to take such requisition. The officer or person so commissioned receives such compensation for the service as the Governor allows, to be paid out of the State Treasury upon a certificate of the Governor. The accused on being brought back to this State is delivered to the sheriff of the county in which it is alleged that he committed the offense."

See the case Ex Parte Pinkus, 25 SW 2nd 334.

In the following cases, Commissioners' Court of Madison County, et al vs. Wallace, et al, 15 SW 2nd 535; Baldwin vs. Travis County, 88 SW 480, and numerous other cases which we do not deem necessary to cite, it was held that the county commissioners' court has no power or authority, except such as is conferred upon them by the Constitution and statutes of this state.

The statutes or Constitution of this State do

not authorize the Commissioners' Court to expend county funds to cover the expense of returning fugitives who have fled to another State. Therefore, your first question is answered in the negative.

As we have answered your first question in the negative, it is not necessary to answer questions 2, 3 and 4.

The statutues specifically provide a definite procedure for returning fugitives charged with the commission of offenses within this State who have fled to another State and these statutes provide that when the Governor deems it proper to demand a person who has committed an offense in this State and has fled to another State or territory, he may commission any suitable person to take such requisition. It is a well recognized principle of law that where the Legislature prescribes a definite and certain method of procedure to be followed, other methods are by implication of law excluded. See the case of Foster vs. City of Waco (Sup. Ct.) 255 S. W. 1104.

In reply to the last question above quoted, you are respectfully advised that it is the opinion of this department that the sheriff would not have authority to go beyond the border of this State and return a prisoner without first obtaining requisition as provided in Articles 1005 and 1006, Code of Criminal Procedure.

We desire to state, however, that in the foregoing opinion we are not passing upon the legality of an officer's act in returning a fugitive of Texas from another state, when such fugitive has voluntarily waived extradition as is frequently done. However, in all such cases, neither the State of Texas nor the county can legally pay to the officer returning the fugitive any expenses incurred by him beyond the State line.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams
Ardell Williams
Assistant

APPROVED
OPINION
COMMITTEE
BY